A. M. KEASY & BROTHER *v.* J. M. ROBINSON ET AL.

**Lien—Rent—Landlord and Tenant.**

    A landlord has a prior lien on the household effects of his tenant, for rents in arrears, under Sec. 14 Chap. 56, 2 Stant R. S. 94, over a mortgagee, whose mortgage was of record. This, however, not to effect property obtained after the tenant went into possession.

**Same.**

    The reducing of the amount of rent by the landlord, at the tenants solicitation would not effect or waive the landlord's lien.

APPEAL FROM JEFFERSON CIRCUIT COURT.     CHANCERY DIVISION.

April 26, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

January 14, 1867, W. C. Owens leased from appellants their house and lot in Louisville for one year at a rent of $900. Robinson and wife desiring to rent purchased Owens' lease and entered April 18, 1867, and was to pay the rents to appellants, or their agent, with whom the arrangement was made, and is a part of this contract said agent agreed that the lease should be extended another year, at the same rates. Robertson and wife paid up the rent to September 1, 1867, and a small amount on the subsequent rent.

September 2, 1867, at the earnest request of Robinson and wife the rent was reduced from $900 to $780 per annum payable monthly and Robinson in the presence of his wife and by her consent signed her name alone to the written lease then executed.

July 20, 1867, Robinson and wife executed a mortgage to Hazelrigg on the furniture then in said house to secure him in the sum of $250, and on August 1, 1867, executed a second mortgage to secure him in the further sum of $301.65.

Appellants proceeded by distress warrant against Mrs. Robinson to enforce their landlord's lien, and Hazelrigg proceeded by petition in equity to foreclose his mortgages, which causes being consolidated and the furniture being sold and the proceeds being

insufficient to pay both debts, or much over either, it resolved itself into a contest as to priorities between these creditors. Robinson and wife not resisting either.

The chancellor having adjudged priority to Hazelrigg, Keasy and brother have appealed.

Under Sec. 14 Chap. 56, 2 Stant. Rev. Stat. 94 the landlord is entitled to an exclusive lien upon the house-hold furniture and other personal property not acquired after the tenant takes possession for not exceeding one years' rent due or to become due. Robinson was insolvent and the circumstances indicate that the property belonged to Mrs. Robinson, but whether so or not he, after making the contract in conjunction with his wife, and signing her name himself, could not be heard to urge objection thereto.

Nor can the changing the terms of the lease and taking a writing evidencing the lessening of the rent by the landlord, at the tenants solicitation, have the effect to waive any lien that he then had or other rights than as to the amount of the rent, and this seems to have been understood and acted on by Hazelrigg for he subsequently paid to the agent on the rent $150, and seemed solicitious to get indulgence for the tenants.

As the amount claimed by the landlord is only $372.31 less than half a year's rent in arrear, we think they should have been adjudged a prior lien, at least on all that part of the property not acquired after the tenants entered upon the premises.

Wherefore the judgment is reversed with directions for further proceedings consistent herewith.

*Bennett, for appellant.*

*Russell, for appellee.*